## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

HARVEY JOHNSON

VERSUS

AMERICAN SECURITY INSURANCE
COMPANY

CIVIL ACTION

23-1120-SDD-EWD

### <u>RULING</u>

Before the Court is the Motion for Summary Judgment[1] filed by Defendant American Security Insurance Company ("American Security"). Plaintiff Harvey Johnson ("Plaintiff") filed an Opposition,[2] and American Security filed a Reply.[3] For the reasons that follow, the Motion will be granted.

### I.    BACKGROUND

Plaintiff initiated this lawsuit in connection with damage to his property located at 4140 Denham Street in Baton Rouge (the "Property") allegedly caused by Hurricane Ida, which made landfall on August 29, 2021.[4] At the time of the loss, the Property was insured under a lender-placed policy issued by American Security (the "Policy").[5] Plaintiff alleges American Security "denied and/or underpaid Plaintiff's insurance claim and breached the

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 20.
[3] Rec. Doc. 22.
[4] Rec. Doc. 1, ¶¶ 6–14.
[5] Rec. Doc. 19-1. A lender-placed policy "insures the lender's collateral when the borrower fails to maintain a specific type of insurance." *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 45 (5th Cir. 2010).

insurance contract."[6] Plaintiff seeks recovery of insurance proceeds and bad faith penalties against American Security.[7]

American Security moves for summary judgment, arguing Plaintiff lacks contractual standing to assert his claims because he is not a named insured or third party beneficiary of the Policy.[8] In response, Plaintiff argues the Policy language confers a "direct benefit" to Plaintiff, making him a third party beneficiary by way of a stipulation *pour autrui*.[9] Plaintiff additionally argues American Security's Motion "should be deferred or dismissed in order to allow Plaintiff additional time to conduct discovery" pursuant to Federal Rule of Civil Procedure ("Rule") 56(d).[10]

## II.    LAW AND ANALYSIS

### A. Summary Judgment Standard

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[11] This determination is made "in the light most favorable to the opposing party."[12] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[13] If the moving party satisfies its burden, "the non-movant must respond to the motion for

---

[6] Rec. Doc. 1, ¶ 23.
[7] *Id.* at ¶ 31.
[8] Rec. Doc. 18.
[9] Rec. Doc. 20, pp. 2–4.
[10] *Id.* at p. 2.
[11] Fed. R. Civ. P. 56(a).
[12] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[13] *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 333–34 (1986)).

summary judgment by setting forth particular facts indicating that there is a genuine issue for trial."[14] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16] All reasonable factual inferences are drawn in favor of the nonmoving party.[17] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment."[19]

### B. Louisiana Law Regarding Insurance Policies

A plaintiff may sue under an insurance policy only if he is a named insured, an additional named insured, or an intended third party beneficiary.[20] Plaintiff does not argue he is a named insured or an additional insured.[21] Therefore, the only issue at hand is whether Plaintiff is an intended third party beneficiary of the Policy.

---

[14] *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986)).

[15] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)).

[16] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson*, 477 U.S. at 248)).

[17] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[18] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) (citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998)).

[19] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994).

[20] *Williams*, 398 F. App'x at 47 (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 939 So.2d 1206, 1211 (La. 2006); La. Civ. Code art. 1978).

[21] *See* Rec. Doc. 20-1, ¶ 6 (admitting the following Statement of Fact posited by American Security: "Under the Loss Payment clause of the Residential Dwelling Certificate, American Security is contractually required to pay all loss to the named insured lender, Specialized Loan Servicing LLC.").

According to Article 1978 of the Louisiana Civil Code, "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." A contract for the benefit of a third person is known under Louisiana law as a stipulation *pour autrui*.[22] Third party beneficiary status "is never presumed, and the party claiming the benefit bears the burden" of showing the existence of a stipulation *pour autrui*.[23] The Louisiana Supreme Court has outlined the following criteria for making such a showing: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee."[24]

## C. Relevant Policy Language

The Policy's Declarations page identifies Specialized Loan Servicing LLC ("SLS") (Plaintiff's mortgagee) as the named insured, and Plaintiff as the borrower.[25] Further, the Policy contains an Endorsement which provides, in pertinent part:

**12. Loss Payment**

a.  **We** will initiate loss adjustment of a claim with the **named insured**:

(1) Within 14 days after notification of loss by **you**, in the case of non-catastrophic loss; or

(2) Within 30 days after notification of loss by **you**, in case of catastrophic loss. …

---

[22] *Williams*, 398 F. App'x at 47 (citing *Paul v. Louisiana State Employees' Grp. Ben. Program*, 1999-0897 (La. App. 1 Cir. 5/12/00), 762 So. 2d 136, 140).
[23] *Turner v. American Security Insurance Co*, No. 2:21-CV-03773, 2022 WL 696907, at *2 (W.D. La. Mar. 8, 2022) (citing *Joseph*, 939 So. 2d at 1212).
[24] *Joseph*, 939 So. 2d at 1212.
[25] Rec. Doc. 19-1, p. 4.

**b. We** will make written offer to the **named insured** to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim.

**c.** Loss will be made payable to the **named insured**. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations. The undisputed portion of the loss will be payable within 30 days after **we** receive **your** proof of loss.[26]

The same Endorsement also states: "It is understood and agreed that throughout this Certificate **you** and **your** refer to the financial institution as **named insured** and the **borrower** shown in the Declarations."[27]

### D. Discussion

The Court finds that Plaintiff has failed to meet his burden of showing third party beneficiary status. Plaintiff argues generally that several provisions of the Policy "confer a monetary benefit to the Plaintiff as the owner of the property regardless of to whom the payment is actually made under the loss payee provisions of the policy." However, Plaintiff fails to expound further or quote any specific policy language.[28] As the Eastern District of Louisiana has noted under similar circumstances, "'[a]ltough the borrower typically pays the insurance premium through its mortgage lender, the insurance policy is for the benefit of the mortgagee.' Indeed, whatever benefits may inure to [the borrower] are merely incidental to the contract between Defendant and the named insured."[29] This is insufficient to establish a stipulation *pour autrui*.

---

[26] *Id.* at p. 19 (bold text in original).
[27] *Id.* (bold text in original).
[28] Rec. Doc. 20, p. 3.
[29] *Johnson v. Am. Sec. Ins. Co.*, 650 F. Supp. 3d 483, 489 (E.D. La. 2023) (quoting *Brown v. Am. Mod. Home Ins. Co.*, No. CV 16-16289, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017)).

Plaintiff further points out that the Policy's definition of "you" includes both the named insured and Plaintiff, the borrower.[30] However, the Policy makes clear that payment is to be made to the named insured, not the borrower.[31] The Loss Payment Endorsement only mentions the words "you" and "your" with respect to providing notice of loss to American Security; it does not indicate payment or other benefit directed to Plaintiff. Courts have found the fact "that the policy mentions Plaintiff and places duties, directly or indirectly, upon Plaintiff does not indicate an intent to benefit [P]laintiff nor does it transform Plaintiff into a third-party beneficiary."[32]

Plaintiff also quotes the Policy's Liberalization Clause,[33] but similarly fails to explain how the provision confers a direct benefit upon him as the borrower. Additionally, Plaintiff's reliance on the cover letter in which SLS informs Plaintiff of its purchase of the Policy to cover the Property is unfounded.[34] The cover letter is not part of the Policy and does not constitute a "manifestly clear" stipulation to provide certain benefits to Plaintiff beyond those that are "mere incident[s] of the contract between" American Security and SLS.[35]

As another court noted:

> Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F.

---

[30] Rec. Doc. 20, p. 3.
[31] Rec. Doc. 19-1, p. 19.
[32] *Johnson*, 650 F. Supp. 3d at 489 (citing *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 858 (E.D. La. 2007) ("These duties do not, however, convert plaintiff into a named insured, an additional insured, or a third-party beneficiary of the insurance contract."). *See also Joseph*, 939 So.2d at 1214 (finding that even though contract between medical corporation and hospital placed certain obligations on doctors, "there was no benefit provided in the contract directly to the doctors that they could demand").
[33] Rec. Doc. 19-1, p. 19.
[34] Rec. Doc. 20, pp. 3–4 (citing Rec. Doc. 19-1, p. 2).
[35] *Joseph*, 939 So. 2d at 1212.

App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy.[36]

Here, the Policy provides for benefits payable to the named insured, not Plaintiff. Plaintiff has not shown the existence of a definite benefit to him under the Policy that would establish a stipulation *pour autrui*.[37] Accordingly, Plaintiff cannot qualify as a third party beneficiary and has no viable claim against American Security under the Policy.[38]

### E.  Plaintiff's Request for Additional Time under Rule 56(d)

Rule 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.[39]

"[A] request to stay summary judgment under Rule 56(d) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[40] "In order to obtain additional

---

[36] *Turner*, 2022 WL 696907, at *2. *See also, e.g., Butler v. Am. Sec. Ins. Co.*, No. CV 18-871-BAJ-EWD, 2019 WL 1714231 (M.D. La. Apr. 17, 2019); *Farber v. Deutsche Bank Nat'l Tr. Co.*, No. CV 20-279, 2020 WL 5820076, at *2–3 (E.D. La. Sept. 30, 2020); *Graphia*, 517 F. Supp. 2d at 857–58; *Brown*, 2017 WL 2290268, at *4–5.
[37] *Cf. Lee v. Safeco Ins. Co. of Am.*, No. CIV.A. 08-1100, 2008 WL 2622997, at *4 (E.D. La. July 2, 2008) (finding a stipulation *pour autrui* was created where lender-placed policy expressly provided that any loss payment exceeding the mortgagee's interest would be paid to homeowner).
[38] Because Plaintiff has no claim for coverage under the Policy, he also has no claim for statutory penalties or attorney fees. *See Bradley v. Allstate Ins. Co.*, 620 F. 3d 509, 526 (5th Cir. 2010) (quoting *Clausen v. Fid. & Deposit Co. of Md.,* 95-0504, (La.App. 1 Cir. 8/4/95), 660 So.2d 83, 85 (a plaintiff seeking such penalties "must first have a valid, underlying, substantive claim upon which insurance coverage is based.").
[39] Fed. R. Civ. P. 56(d).
[40] *Renfroe v. Parker*, 974 F.3d 594, 601 (5th Cir. 2020).

discovery under this Rule, [the movant] 'must show (1) why they need additional discovery and (2) how that discovery will create a genuine issue of material fact.'"[41] "If the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)."[42]

Plaintiff argues that pursuant to Rule 56(d), "[a]t the very least, American Security's motion should be deferred or dismissed in order to allow Plaintiff additional time to conduct discovery from MMA[43] and SLS in order to determine when and how notice was given as well as the intent of SLS as it relates to the status of Plaintiff under the policy at issue."[44]

The Court denies Plaintiff's request. Given the Court's finding that Plaintiff is not a third party beneficiary under the Policy, Plaintiff has no contractual standing to recover against American Security regardless of "when and how notice was given." Further, "the intent of SLS" is not an issue that will influence the outcome of the instant Motion; as noted by another section of this Court, "it is the contract—not the parties' conduct—that must 'manifest a clear intention to benefit the third party[.]'"[45] Therefore, any ostensible intent of SLS not evidenced within the Policy itself would not create an issue of material fact.

---

[41] *Guidry v. Georgia Gulf Lake Charles L.L.C.*, 479 F. App'x 642, 644 (5th Cir. 2012) (quoting *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)) (cleaned up).
[42] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie*, 254 F.3d at 606).
[43] According to Plaintiff, MMA is a law firm that previously handled this claim. *See* Rec. Doc. 20, p. 1.
[44] Rec. Doc. 20, p. 2.
[45] *Butler*, 2019 WL 1714231, at *2 (quoting *Joseph*, 939 So. 2d at 1212).

## III.     CONCLUSION

For the foregoing reasons, American Security Insurance Company's Motion for Summary Judgment[46] is GRANTED. Plaintiff's claims are dismissed with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  7th  day of ____February_____, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. 18.